NO. 12-04-00371-CV
 
IN THE COURT OF APPEALS

TWELFTH COURT OF APPEALS DISTRICT

TYLER, TEXAS
DAVID ALFORD, BRUCE ALFORD,             §                 APPEAL FROM THE 349TH
AND PATRICIA ALFORD,
APPELLANTS
 
V.                                                                         §                 JUDICIAL DISTRICT COURT OF


THE CITY OF PALESTINE,
APPELLEE                                                        §                 ANDERSON COUNTY, TEXAS
                                                                                                                                                            
MEMORANDUM OPINION
            Appellants David, Bruce, and Patricia Alford appeal the trial court’s order granting the plea
to the jurisdiction filed by the City of Palestine, Appellee. In a single issue, the Alfords contend that
the trial court erred in granting the City’s plea to the jurisdiction because a fact issue existed as to
whether the City knew the damages to the Alfords’ property were substantially certain. We affirm.
 
Background
            On April 20, 2003, a backflow of sewage from the City’s sewage system infiltrated and
damaged the Alfords’ home. After being notified of the sewage problem, the City sent a service
team to check the sewer main that services the house. No blockage or obstruction was found in the
sewer main. The City had not received any complaints about the sewer lines in the area of the
Alfords’ house nor had it conducted any work on the sewage line that services the Alfords’ house
or on any other adjoining lines immediately prior to April 20. The Alfords sued the City, claiming
an unconstitutional taking and nuisance. The City filed a plea to the jurisdiction, claiming the court
did not have subject matter jurisdiction of the Alfords’ claim because the City had governmental
immunity. The trial court granted the City’s plea and this appeal followed.
 
Plea to the Jurisdiction
            In their sole issue, the Alfords claim the trial court erroneously granted the City’s plea to the
jurisdiction because the City knew that the Alfords’ property damage was substantially certain as a
result of the City’s defective sewer system.
Standard of Review and Applicable Law 
            Article I, Section 17, of the Texas Constitution provides that “[n]o person’s property shall
be taken, damaged or destroyed for or applied to public use without adequate compensation being
made, unless by the consent of such person.” Tex. Const. art. I, § 17. The takings clause stands
for the premise that the government should not “forc[e] some people alone to bear public burdens
which, in all fairness and justice, should be borne by the public as a whole.” Steele v. City of
Houston, 603 S.W.2d 786, 789 (Tex. 1980) (quoting Armstrong v. United States, 364 U.S. 40, 49,
80 S. Ct. 1563, 1569, 4 L. Ed. 2d 1554 (1960); Y.M.C.A. v. United States, 395 U.S. 85, 89, 89 S.
Ct. 1511, 1514, 23 L. Ed. 2d 117 (1969)). With respect to the “damaging” of property in particular,
as opposed to the technical “taking” of property, the government duty to compensate for damaging
property for public use is not dependent on the transfer of property rights. The fact that the property
was damaged entitles the owner to the protection extended by the constitution, as fully as if the
property had been actually taken or destroyed. Steele, 603 S.W.2d at 789-90. But mere negligence
that eventually contributes to property damage does not amount to a taking. City of Tyler v. Likes,
962 S.W.2d 489, 505 (Tex. 1997); Steele, 603 S.W.2d at 790-92. 
            The Texas Supreme Court recently held that a heightened intent standard is necessary to
support a takings claim and that the mere intentional operation of a sewer system is insufficient to
support liability. See City of Dallas v. Jennings, 142 S.W.3d 310, 314 (Tex. 2004). Specifically,
the Court held that takings liability may arise when the governmental entity “(1) knows that a
specific act is causing identifiable harm; or (2) knows that the specific property damage is
substantially certain to result from an authorized government action.” Id. However, when damage
is merely the accidental result of the government’s act, there is no public benefit and the property
cannot be said to be taken or damaged for public use. Steele, 603 S.W.2d at 790-92; Texas Highway
Dep’t v. Weber, 147 Tex. 628, 631, 219 S.W.2d 70, 71 (1949).
            In reviewing a grant of a plea to the jurisdiction, an appellate court must take the allegations
of the plaintiff’s petition as true and construe them liberally in the pleader’s favor, looking to the
pleader’s intent. See Texas Dep’t of Parks and Wildlife v. Miranda, 133 S.W.3d 217, 227-28 (Tex.
2004). If the evidence creates a fact question regarding the jurisdictional issue, the trial court cannot
grant the plea to the jurisdiction, and the fact issue will be resolved by the fact finder. Id. at 228. 
However, if the relevant evidence is undisputed or fails to raise a fact question on the jurisdictional
issue, the trial court rules on the plea to the jurisdiction as a matter of law. Id. If the record contains
more than a scintilla of evidence that supports the finding, we must sustain it. BMC Software
Belgium, N.V. v. Marchand, 83 S.W.3d 789, 795 (Tex. 2002) (citing Holt Atherton Indus., Inc.
v. Heine, 835 S.W.2d 80, 84 (Tex. 1992)). “More than a scintilla of evidence exists where the
evidence supporting the finding, as a whole, ‘rises to a level that would enable reasonable and fair-minded people to differ in their conclusions.’” Burroughs Wellcome Co. v. Crye, 907 S.W.2d 497,
499 (Tex. 1995) (quoting Transp. Ins. Co. v. Moriel, 879 S.W.2d 10, 25 (Tex. 1994)). Whether
particular facts are sufficient to establish a taking presents a question of law, which we review de
novo. Tarrant Reg’l Water Dist. v. Gragg, 151 S.W.3d 546, 552 (Tex. 2004).
Discussion
            Alford claims that a fact issue exists as to whether the City knew the property damage was
substantially certain to result from its action. Alford bases this claim on the fact that the City began
installing backflow devices on all new constructions and remodels of existing homes beginning in
1998. Alford also mentions twelve incidents of sewer backup problems complained of by other
residents dating from the previous ten years and cites a 1999 administrative order from the
Environmental Protection Agency (EPA) compelling the City to study and repair defects in its sewer
system. Alford reasons that the history of the City’s sewage system backing up into other homes and
the ensuing EPA order, coupled with the City’s new procedure of installing backflow devices, raises
a fact issue sufficient to defeat the City’s plea to the jurisdiction. We disagree.
            In Jennings, the City of Dallas dislodged a clogged sewer main, which resulted in a raw
sewage flood in the Jennings’s home. Jennings, 142 S.W.3d at 312. The court held that there was
no evidence in Jennings that the City knew, when it undertook to unclog the sewer line, that its
actions would cause damage or knew that damage was substantially certain to result. Id. at 315. The
court held that without the requisite knowledge, the affirmative action taken by the City was
insufficient to establish an intentional taking. Id.
            The facts in this case are not in dispute. The Alfords suffered damage when the City’s sewer
system flooded their home. Prior to the flooding, the City had not been working on the sewer lines
near the Alfords’ home or on any other lines that would have affected the lines connected to the
Alfords’ home. The Alfords produced evidence of twelve instances in the preceding ten-year period
in which other City residents lodged complaints concerning sewage backups. These complaints
average to one and a fraction per year. The evidence does not show that the complaints were
excessive or disproportionate to the City’s population. Further, no evidence was produced showing
that any of the other complaints were in close proximity to the Alfords’ home. Additionally, the
Alfords produced a vague, nonspecific article from a newspaper dated October 10, 2004 addressing
the EPA administrative order compelling the City “to study and repair any defects in the sewer
system.” The Alfords did not include a copy of the EPA order, however. Based solely on the
newspaper article, the trial court did not have sufficient information to conclude what kind of defects
were involved, the severity of the defects, and whether the defects were sufficient to charge the city
with the requisite knowledge. Further, the Alfords produced evidence of the City’s new ordinance
that, since 1998, required backflow prevention devices in all new construction and reconstruction
projects. Without more, such as specific information about why the policy was adopted, the trial
court did not have sufficient evidence to determine if the underlying data was sufficient to charge
the City with the requisite knowledge. 
            In sum, the Alfords failed to produce sufficient evidence that the City had the requisite
knowledge necessary to establish an intentional taking. Thus, the trial court determined “the law and
facts to be with the [City].” We conclude that the record contains more than a scintilla of evidence
supporting the trial court’s judgment. Accordingly, we overrule the Alfords’ sole issue. 
 
 
Disposition
            Having overruled the Alfords’ sole issue, we affirm the judgment of the trial court.
 
 
                                                                                                    DIANE DEVASTO 
                                                                                                                 Justice



Opinion delivered October 31, 2005.
Panel consisted of Worthen, C.J., Griffith, J., and DeVasto, J.





























(PUBLISH)